UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JONATHAN BEDOYA,

        Plaintiff,                                     **ORDER**
                                                                                        20 CV 548 (EK)(LB)

  -against-

CHRISTOPHER GIANGRECO and
SQUEEZE MY ORANGES LLC,

        Defendants.
----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

ORDER IN FLSA CASE REQUIRING DISCOVERY
AND SETTING INITIAL PRETRIAL DISCOVERY AND MEDIATION SCHEDULE

The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case. Fed. R. Civ. P. 16. The following Order implements Rule 16's requirement for cases based on the Fair Labor Standards Act (FLSA).

The Rule 26(a)(1) provisions on initial disclosures are waived in this case. Instead, the parties must utilize the following discovery protocol and comply with the following deadlines and requirements:

1. By July 13, 2020, the parties must serve on each other (but not file) the following:

Plaintiff[1]

    A. The documents in plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

    B. A written submission that includes: (a) a description of the period of time plaintiff worked for defendant; (b) plaintiff's job title, description of job duties, and name of immediate supervisor; (c) an accounting of plaintiff's claim including dates, regular hours worked, over-time hours worked, pay

---

[1] If there is more than one plaintiff or defendant, the singular reference to the plaintiff or defendant includes the plural.

1

    received versus pay claimed, and tips or other compensation; (d) whether plaintiff is entitled to a prevailing wage, and if so the rate; (e) the nature of the claim (e.g. failed to pay any wages, failed to pay minimum wage, failed to pay overtime, required off the clock work, failed to pay tips, misclassified as exempt employee, failed to provide proper paystubs, failed to provide proper notices, failed to pay spread of hours).

  C. If plaintiff has brought a collective action, plaintiff shall provide defendant with a written description of the class of employees that plaintiff seeks to include in this action, and a brief description of the commonalities between plaintiff and the proposed opt-ins. Plaintiff shall also indicate whether an opt-in notice has been filed for every potential opt-in plaintiff who has identified himself or herself as a person who wishes to join this action.

  D. A written description of all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

Defendant

  A. The time sheets or other time records and payroll records in defendant's possession, custody, or control that pertain to work plaintiff performed during the period for which plaintiff claims unpaid wages.

  B. Any written statement of policy, workplace rules, or handbook setting out the policies and practices on compensating workers performing the relevant type of work.

  C. To the extent the personal liability of any individual defendant is disputed (e.g., the defendant was not an owner or manager), provide documentary evidence to support this position.

  D. To the extent the defendant's position is that their finances should be considered in evaluating their settlement position, defendant's must produce financial documentation to plaintiff's counsel, and that documentation must be treated as confidential.

2. In collective actions, the exchange of documents and information set forth in Paragraph 1 will occur for the named plaintiffs and for the opt-in plaintiffs who join the action before a court-approved opt-in notice is issued. This document exchange will occur within 21 days after the opt-in notices are filed with the court.

3. By July 31, 2020, after the exchange of the documents and information required in Paragraph 1, counsel for the plaintiff and the defendant must meet and confer in a good-faith effort to settle all pending issues, including attorneys' fees and costs.[2] The parties, including a representative of each corporate party with full authority, will at a minimum, be available by telephone during the conference to consider and approve any settlement.

4. By August 7, 2020, within 7 days after the conference referenced in Paragraph 3, counsel shall jointly file a status report regarding settlement that notifies the Court: (1) whether the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval or (2) if the parties were unable to settle the matter on their own, the parties will participate in a formal mediation conference, in accordance with Local Civil Rule 83.8, before an EDNY mediator or a private mediator of their choosing, to be completed within 60 days of the submission of the status report regarding settlement.

5. Within 14 days after the completion of mediation, counsel must file a status report regarding mediation and indicate whether (1) the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval; or whether (2) the parties request a settlement conference before the United States Magistrate Judge who, on the parties' consent, will have the authority to approve the settlement as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, upon the joint submission of a motion for judicial approval that attaches a copy of the final settlement agreement; or (3) the parties agree they have exhausted settlement efforts, have held the required Rule 26(f) conference, and are filing a Joint Discovery Planning Report.

---

[2] In the case of an individual party who is not represented by counsel, the individual must comply with the provisions of this Order.

6. Until the parties file the Joint Discovery Planning Report, all discovery in this case is STAYED, except as provided in this Order.

7. In the event no settlement is reached under these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt-in, the limitations period for any person receiving notice will be tolled from the date of this Order until the parties file their Rule 26(f) Discovery Planning Report lifting the stay on these proceedings.

8. If the parties settle at a later time, they must immediately advise the Court and promptly submit a joint motion to approve the settlement.

9. Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines and requirements. Exceptions will be granted only for compelling reasons. Failure to comply is a violation of a court order and sanctionable on that basis.

10. The parties may move to alter this schedule for good cause. Any such request shall only be made after the parties confer, and shall be made by joint letter request filed via this Court's ECF system.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 29, 2020
       Brooklyn, New York