**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

JONATHAN BEDOYA,

                    **PLAINTIFF**,

  - against –

SQUEEZE MY ORANGES, LLC and
CHRISTOPHER GIANGRECO,

                    **DEFENDANTS.**
_____

Case No. 20 CV 548 (EK)(LB)

**FIRST AMENDED ANSWER AND JURY DEMAND**

Defendants SQUEEZE MY ORANGES, LLC and CHRISTOPHER GIANGRECO, by their undersigned attorney, TSAI PLLC, answer to the Complaint alleges:

1. Denies each and every allegation contained in paragraph 1 of the Complaint.

2. Defendants lack sufficient knowledge or information as to form a belief as to the truth of the allegations in paragraph 2, and thus denies.

3. Admits paragraph 3 of the Amended Complaint.

4. Denies each and every allegation contained in paragraph 4 of the Complaint.

5. Denies each and every allegation contained in paragraph 5 of the Complaint.

6. Denies each and every allegation contained in paragraph 6 of the Complaint, except admits Defendant Giangreco is a principal of Defendant SM Oranges.

7. Denies each and every allegation contained in paragraph 7 of the Complaint.

8. Denies each and every allegation contained in paragraph 8 of the Complaint.

9. Denies each and every allegation contained in paragraph 9 of the Complaint.

10. Denies each and every allegation contained in paragraph 10 of the Complaint.

11. Denies each and every allegation contained in paragraph 11 of the Complaint.

12. Denies each and every allegation contained in paragraph 12 of the Complaint.

13. Denies each and every allegation contained in paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint, except admits Plaintiff handled Tropicana orange juices.

15. Denies each and every allegation contained in paragraph 15 of the Complaint.

16. Admits paragraph 16 of the Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Complaint, except admits Plaintiff was employed by Defendant SM Oranges.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Admits paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22. Denies each and every allegation contained in paragraph 22 of the Complaint, except admits Plaintiff was employed by Defendant SM Oranges.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Admits paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint, except admits Plaintiff was employed by Defendant SM Oranges.

31. Admits paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

## IN ANSWER TO PLAINTIFFS' FIRST CLAIM FOR RELIEF

47. Re-alleges each and every answer set forth in paragraph 1 through 46 as though set forth fully and at length herein.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

## IN ANSWER TO PLAINTIFFS' SECOND CLAIM FOR RELIEF

53. Re-alleges each and every answer set forth in paragraphs 1 through 52 as though set forth fully and at length herein.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

## IN ANSWER TO PLAINTIFFS' THIRD CLAIM FOR RELIEF

57. Re-alleges each and every answer set forth in paragraph 1 through 56 as though set forth fully and at length herein.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Complaint.

61. Denies each and every allegation contained in paragraph 61 of the Complaint.

62. Denies each and every allegation contained in paragraph 62 of the Complaint.

## IN ANSWER TO PLAINTIFFS' FOURTH CLAIM FOR RELIEF

63. Re-alleges each and every answer set forth in paragraph 1 through 62 as though set forth fully and at length herein.

64. Denies each and every allegation contained in paragraph 64 of the Complaint.

65. Denies each and every allegation contained in paragraph 65 of the Complaint.

66. Denies each and every allegation contained in paragraph 66 of the Complaint.

67. Denies each and every allegation contained in paragraph 67 of the Complaint.

68. Denies each and every allegation contained in paragraph 68 of the Complaint.

## IN ANSWER TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF

69. Re-alleges each and every answer set forth in paragraph 1 through 68 as though set forth fully and at length herein.

70. Denies each and every allegation contained in paragraph 70 of the Complaint.

71. Denies each and every allegation contained in paragraph 71 of the Complaint.

72. Denies each and every allegation contained in paragraph 72 of the Complaint.

## IN ANSWER TO PLAINTIFFS' SIXTH CLAIM FOR RELIEF

73. Re-alleges each and every answer set forth in paragraph 1 through 72 as though set forth fully and at length herein.

74. Denies each and every allegation contained in paragraph 72 of the Complaint.

75. Denies each and every allegation contained in paragraph 73 of the Complaint.

## IN ANSWER TO PLAINTIFFS' SEVENTH CLAIM FOR RELIEF

76. Re-alleges each and every answer set forth in paragraph 1 through 75 as though set forth fully and at length herein.

77. Denies each and every allegation contained in paragraph 75 of the Complaint.

78. Denies each and every allegation contained in paragraph 76 of the Complaint.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

The remaining allegations in the Complaint constitute Plaintiffs' prayer for relief. Defendants deny that Plaintiff is entitled to the relief requested, or any relief in any amount, or of any kind whatsoever in this action.

## **AFFIRMATIVE DEFENSES**

Defendants hereby expressly reserve their rights to assert additional defenses should further proceedings in this action, including the progress of any discovery, reveal that such additional defenses would be applicable and appropriate.

### **First Affirmative Defense**

79. The Complaint and each purported claim for relief alleged herein, fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

80. The Fair Standard Labor Act does not apply to the Defendants because their annual gross revenue does not exceed $500,000.

### **Third Affirmative Defense**

81. Defendants are not an employer as defined by Fair Labor Standards Act and New York Labor Law.

### **Fourth Affirmative Defense**

82. Plaintiffs' claims should be dismissed to the extent that they are barred by applicable statutes of limitations and/or the doctrine of laches.

### **Fifth Affirmative Defense**

83. Plaintiffs were paid all wages due and owed to them in compliance with Fair Labor Standards Act and New York Labor Law.

### Sixth Affirmative Defense

84. At all times relevant to the Plaintiffs' claims, the Defendants acted in good faith and had reasonable grounds to believe that their actions were not violative of any federal state or local laws, rules, regulation or guidelines.

### Seventh Affirmative Defense

85. Plaintiffs are not entitled to liquidated damages because Defendants acted in good faith and had reason to believe their actions and/or omissions did not willfully violate federal and/or state law.

### Eighth Affirmative Defense

86.  The causes of action alleged in the Complaint may not be maintained as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216, because the Plaintiffs, upon information and belief, is not similarly situated to some or all of the persons whom they purport to represent.

### Ninth Affirmative Defense

87.  The statements and allegations contained in the Complaint fail to meet the requirements necessary to justify collective action certification or the issuance of collective action notice pursuant to 29 U.S.C. § 216 with respect to some or all of the employees alleged by the Plaintiffs to be similarly situated to them.

### Tenth Affirmative Defense

88. Plaintiffs agreed to arbitrate any or all of the purported claims asserted in the Complaint, the Complaint violates such agreements to arbitrate and the Complaint should be dismissed and/or stayed and Plaintiffs should be compelled to arbitrate.

### Eleventh Affirmative Defense

89. Plaintiff has failed to exhaust his contractual and arbitral remedies prior to commencing this litigation.

### Twelfth Affirmative Defense

90. Plaintiff has failed to mitigate his damages.

### Thirteenth Affirmative Defense

91. Plaintiff is subject to the exemptions to the maximum hour requirement, including the motor carrier exemption, as set forth in the Fair Labor Standards Act 29 U.S.C. §213(b) and New York Labor Law.

### Fourteenth Affirmative Defense

92. Even if Defendants are deemed to be liable for any amounts under the FLSA, Plaintiff's claims for relief are barred in whole or in part by the *de minimis* doctrine.

### Fifteenth Affirmative Defense

93. Defendants did not engage in willful or unlawful conduct.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants hereby respectfully demand judgment dismissing the Complaint in its entirety, together with costs, disbursements, and reasonable attorney's fees incurred in the defense of this action, and that the Defendants have such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Defendants demand trial by jury in this action of all issues so triable.

Dated: New York, New York
       June 18, 2020

                                                  /s/     Joey Tsai
                                                  Joey Tsai
                                                  Attorney for Defendants
                                                  Tsai PLLC
                                                  535 Fifth Avenue
                                                  Fourth Floor
                                                  New York, NY 10017
                                                  T. 646-829-9001
                                                  F. 646-829-9002
                                                  E. jtsai@tsaipllc.com