

| | | |
|---|---|---|
| *William Cafaro, Esq.*<br>*Partner*<br>ADMITTED IN NY, CA, MD & TX<br>Email: bcafaro@cafaroesq.com<br><br>*Amit Kumar, Esq.*<br>*Managing Attorney*<br>ADMITTED IN NY & NJ<br>Email: akumar@cafaroesq.com<br><br>*Andrew S. Buzin, Esq.*<br>*Of Counsel*<br>ADMITTED IN NY, FL & DC | **LAW OFFICES OF WILLIAM CAFARO**<br><br>108 West 39th Street, Suite 602<br>New York, New York 10018<br>Telephone: 212.583.7400<br>Facsimile: 212.583.7401<br>*www.cafaroesq.com* | *Louis M. Leon, Esq.*<br>*Associate*<br>ADMITTED IN NY<br>Email: lleon@cafaroesq.com<br><br>*Matthew S. Blum, Esq.*<br>*Of Counsel*<br>ADMITTED IN NY<br>Email: mblum@cafaroesq.com |

June 14, 2021

**_Via ECF_**
Hon. James R. Cho, U.S.M.J
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                              Re:    Bedoya v. NYC Citrus LLC
                                      Case No.: 20-cv-00548

Your Honor,

       This firm represents the Plaintiff in the above referenced FLSA matter. We write to respectfully request an Order, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, (1) compelling Defendants to produce verified responses to Plaintiff's interrogatories without objections; (2) compelling Defendants to produce all documents requested in Plaintiff's documents demands, without objections; and (3) awarding Plaintiff attorneys' fees associated with having to make this motion. Should the latter part be granted, we request permission to submit a fee application.

       This letter[1] represents Plaintiff's last resort following frustrated efforts to extract necessary, highly relevant and probative information from Defendants. Unfortunately, Defendants have resisted and obstructed this action since it was filed choosing to delay this litigation at every turn. As a result, Plaintiff is forced to seek Court intervention.

       After the filing of this action, the Court ordered the Parties to conduct a mediation in this action. After months of delay the parties took part in a mediation wherein the Defendants argued, their ability to pay foreclosed them from making a substantial offer in this action. When Plaintiff requested necessary documents concerning this issue, Defendants initially agreed to produce documents, then reneged on the agreement and refused to produce anything related to their finances. After being unable to settle the action, the Parties informed the court and requested an initial conference before Magistrate Judge Bloom. The night before the conference, in what is believed to be an effort to delay this action, Defendants' counsel, Tsai PLLC, informed the undersigned that Defendants had terminated his representation. At what was supposed to be the initial conference

---

[1] Given the Defendants dilatory conduct throughout this litigation we do not believe that we will be able to compose a joint letter concerning these discovery issues within a reasonable amount of time.

before Magistrate Judge Bloom, Tsai PLLC informed the Court of the termination and the Court ordered Defendants to find new counsel to file a notice of appearance on or before March 15. On March 15, Defendants' counsel stated they had been re-engaged. At the initial conference Magistrate Judge Bloom chastised Defendants' counsel and informed them that they would not be permitted to withdraw as counsel for the Defendants in the future. Defendants' counsel stated he understood and had no plans to withdraw as counsel.

On March 30, the undersigned delivered Plaintiff's discovery demands to the Defendants via email. These demands consisted of document demands, interrogatories, and requests for admissions. On May 13, we followed up with Defendants; counsel regarding the Defendants' failure to respond to Plaintiff's discovery demands. Defendants responded by stating that Plaintiff's original requests were not received and requested until May 28 to respond. The Plaintiff consented to the extension. On May 28, the day Defendants were due to respond to Plaintiff's discovery demands, they requested another extension to June 11, for Defendants "to finalize [their] papers." In response, the undersigned stated that we would consent to the extension by we did not have authority to grant Defendants' future extensions. On June 11, in an effort to delay the litigation, Defendants only responded to Plaintiff's requests for admission. To date they have not responded to any of Plaintiff's interrogatories nor have they responded to any of Plaintiff's document demands.

In light of the foregoing, Plaintiff respectfully requests that the Court grant an Order (1) compelling Defendants to produce verified responses to Plaintiff's interrogatories without objections; and (2) compelling Defendants to produce all documents requested in Plaintiff's documents demands, without objections. *See*, *Quartey v. Schiavone Construction Co. LLC*, 2013 WL 458064, at *3 (E.D.N.Y. Feb. 6, 2013) (citing *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011)) (""A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available."); *see also Labarbera v. Absolute Trucking, Inc.*, 2009 WL 2496463, at *1-2 (E.D.N.Y. Aug. 12, 2009) (finding that by missing the response deadline and failing to show good cause for not responding to the interrogatories, defendant had waived its rights to object to plaintiffs' discovery requests). Plaintiff further requests that "after giving an opportunity to be heard, require [Defendants] whose conduct necessitated the motion . . . to pay the [movants'] reasonable expenses incurred in making the motion, including attorney's fees.*" Restis v. Am. Coalition Against Nuclear Iran*, 2014 WL 1870368, at *4 (S.D.N.Y. Apr. 25, 2014).

Very truly yours,
LAW OFFICE OF WILLIAM CAFARO

_____
By:  Amit Kumar, Esq. (AK 0822)
     *Attorneys for Plaintiffs*