

*William Cafaro, Esq.*
*Partner*
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
*www.cafaroesq.com*

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Matthew S. Blum, Esq.*
*Of Counsel*
ADMITTED IN NY
Email: *mblum@cafaroesq.com*

*Deena L. Buchanan, Esq.*
*Of Counsel*
ADMITTED IN NM & NJ

March 18, 2022

<u>*Via ECF*</u>
Hon. James R. Cho, U.S.M.J
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: Bedoya v. NYC Citrus LLC et al
           Case No.: 20-cv-00548

Your Honor:

  This firm represents the Plaintiff in the above referenced FLSA matter. As has been documented numerous times in this action, Defendants have done everything they can to frustrate the prosecution of this action and delay the litigation at every turn. Given the Defendants' conduct in this action, we do not believe the Court should not extend discovery in this action. Further, as stated more fully below, Defendants' counsel's request to be relieved should be denied due to a former order by Judge Bloom and failure to adhere to the Local Rule 1.4.

  After the filing of this action, the Court ordered the Parties to conduct a mediation in this action. After months of delay the parties took part in a mediation wherein the Defendants argued, their ability to pay foreclosed them from making a substantial offer in this action. When Plaintiff requested necessary documents concerning this issue, Defendants initially agreed to produce documents, then reneged on the agreement and refused to produce anything related to their finances. After being unable to settle the action, the Parties informed the court and requested an initial conference before Magistrate Judge Bloom. The night before the conference, in what is believed to be an effort to delay this action, Defendants' counsel, Tsai PLLC, informed the undersigned that Defendants had terminated his representation. At what was supposed to be the initial conference before Magistrate Judge Bloom, Tsai PLLC informed the Court of the termination and the Court ordered Defendants to find new counsel to file a notice of appearance on or before March 15. On March 15, Defendants' counsel stated they had been re-engaged. At the initial conference Magistrate Judge Bloom chastised Defendants' counsel and informed them that they would ***not be permitted to***

*withdraw* as counsel for the Defendants in the future. Defendants' counsel stated he understood and had no plans to withdraw as counsel. Since then, Defendants have continuously delayed resolution of this action by engaging in dilatory conduct. This includes, but is not limited to, refusing to provide discovery responses, amending discovery responses at the last minute in order to sandbag the Plaintiff, and reserving their right to call John Doe witnesses. Defendants also scheduled a settlement conference with the Court and refused to move forward with same and did not tell anyone that they did not want to attend until confidential settlement letters were due to the Court.

At the last conference, the Court heard the Parties on these issues and extended discovery to complete three remote depositions. At the Defendants' insistence, these depositions would not take place until the last three (3) days of the extended discovery period. The day before the Plaintiff's deposition, the undersigned contacted Defendants' counsel to confirm. During this conversation he stated, for the first time, that he was not sure if these depositions would move forward. Later that day defense counsel stated that Defendants had terminated his representation, *again*, and he could not confirm any of the Defendants' depositions.

Moreover, Defendants' counsel's request fails to adhere to Local Civil Rule 1.4 in that he does not provide an affidavit concerning his reasons for withdrawal, the posture of the case, whether he is asserting a charging or retaining lien on the file. *See,* Local Civil Rule 1.4. It is also unknow whether Mr. Tsai served his letter upon Defendants. *Id*. Given these glaring issues, Tsai, PLLC's motion to withdraw should be denied.

Given this string of bad faith conduct, Plaintiff requests that the Court deny any extension of the discovery period, deny Tsai PLLC's motion to withdraw based on Judge Bloom's prior order and failure to adhere to Local Civil Rule 1.4, and certified discovery as closed.

                                          Very Truly Yours,
                                          LAW OFFICE OF WILLIAM CAFARO

                                          _____
                                          By: Amit Kumar, Esq.
                                          *Attorneys for the Plaintiff*